UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-cr-134

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| (25) JAVIER MOLINA, | ) | |
| | ) | |
| Defendant. | ) | |

In the Third Superseding Bill of Indictment in this case, the United States sought forfeiture of property of the Defendant as property that was used or intended to be used to facilitate the crimes charged, which would be subject to forfeiture under 18 U.S.C. § 924(d) and 21 U.S.C. §853.

Defendant subsequently pled guilty to Count One in the Third Superseding Bill of Indictment and was adjudged guilty of the offense charged in that count. Based on evidence already in the record, including the Defendant's plea and admission of the illegal acts alleged in Count One, the Defendant's relevant conduct as set forth in the pre-sentence report, and the Defendant's affidavit and consent filed with the Government's motion, the Government has established the requisite nexus between the property and such offense. Further, in ¶ 23 of his plea agreement, the Defendant has agreed to forfeit items including all assets seized during the investigation, all assets listed in the indictment, and all assets listed in any separate list signed by the Defendant.

It is therefore ORDERED:

1. Based upon Defendant's plea of guilty, the United States is authorized to seize the following property belonging to Defendant, and it is hereby forfeited to the United States for

disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

**One .25 Raven MP25 semi-automatic pistol and ammunition; and,**

**One Rossi .38 Special revolver and ammunition.**

2. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n).

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge